# IN THE UNITED STATES BANKRUPTCY COURT
# FOR EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE:** ) | |
| **PERCY SAMUEL PRIDE** | )Chapter 13 |
| **DEBTOR** ) | |
| | )Case No. 16-11834 |
| | ) |

## DEBTOR'S MOTION FOR EXPEDITED HEARING ON MOTION FOR ORDER TO REOPEN CASE IN ORDER FOR DEBTOR TO SEEK ENFORCEMENT OF PRIOR ORDERS AND OTHER RELIEF

**COMES NOW**, Percy Samuel Pride ("Debtor"), as debtor and debtor-in-possession and moves the Court to set an expedited hearing on the Motion to for Order to Reopen Case in Order for Debtor to Seek Enforcement of Prior Orders and Other Relief (as defined below) as quickly as the Court's docket will allow (the "Motion").

### JURISDICTION AND VENUE

1. On December 2, 2020 (the "Petition Date"), Debtor filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code with the Clerk of this Court.

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and L.B.R.9014-3. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of Debtor's chapter 13 case and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409 and L.B.R 1002-3.

### FACTUAL BACKGROUND

3. On March 17, 2016 (the "Filing Date"), the Debtor filed a voluntary petition pursuant to Chapter 13 of Title 11 of the United States Code, as amended (the "Bankruptcy Code").

4. The City of Philadelphia was named as a creditor in the case. This Creditor filed multiple claims to the case totaling approximately $11,871.45. 3. The Chapter 13 Trustee included these claims for disbursement in the Chapter 13 plan.

5. Debtor dutifully made each of the payments due in the Chapter 13, thus paying all claims in full.

6. An adversary proceeding was filed by Debtor against Creditor Lawson Property Holdings, LLC and this Court issued an order finalizing that proceeding on November 2, 2017. In that order this Court stated the Defendant was to transfer to the Debtor the deed of the subject property and that "no further state court proceeding shall become necessary to effectuate said transfer".

7. On November 30, 2017 this Court entered an order confirming the Chapter 13 plan which was calculated to pay all claims to the City of Philadelphia and all other creditors.

8. On May 15, 2018 the Trustee filed a Final Report indicating all of the creditor claims were paid in full, including those filed by the City of Philadelphia.

9. The case was closed on June 29, 2018.

10. Following closure of the case, the City of Philadelphia conducted a sale of Debtor's residential property which was precipitous of the very claims paid in the Chapter 13 plan. The sale was conducted without proper notice to the Debtor.

11. The sale was barred by the fact the claims were properly paid by the Chapter 13 Trustee in the instant case.

12. Debtor is seeking to reopen this case or vacate the dismissal to allow him access to remedies under the Bankruptcy Code.

## RELIEF REQUESTED

13. Debtor is filing the following motion, listed below by the type of relief requested.

14. Debtor requests that this Court conduct expedited hearings as soon as possible for the following Petition Date Motions and enter orders substantially in the form as proposed therewith:

    a. The Motion for Order to Reopen Case in Order for Debtor to Seek Enforcement of Prior Orders and Other Relief.

11. Prompt entry of the relief requested in the Motion is critical to maintaining Debtor's ongoing operations and the value of its bankruptcy estate. Accordingly, prompt consideration of the instant Motion is justified because absent such emergency relief, the bankruptcy estate will be severely impacted.

## BASIS FOR RELIEF

14. Section 105(a) of the Bankruptcy Code provides the Court with the power to set an expedited hearing on any Motions. Section 105(a) states that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

15. The relief sought in the Motion is essential to avoid substantial disruption and irreparable harm to the normal operations of Debtor's estate. The Motion is intended to implement the steps necessary to maintain Debtor's estate as a going concern, to establish certain procedures regarding notices to creditors and other parties in interest, and to generally prevent unnecessary interruptions in the operation of Debtor's estate. To ensure that Debtor is able to meet these objectives, Debtor requests that the Court schedule the hearings on the instant Motion as soon as possible.

## NOTICE AND PRIOR MOTIONS

16. Notice of this Motion has been provided to (1) the Office of the United States Trustee for the United States Bankruptcy Court for the Eastern District of Pennsylvania; (2) Debtor's twenty (20) largest unsecured creditors; and (3) the Internal Revenue Service.

**WHEREFORE**, Debtor requests that the Court enter an order (I) grant the Motion, setting an expedited hearing on Debtor's Motion for an Order to Reopen Case in Order to Seek Enforcement of Prior Orders and Other Relief; and (ii) granting such other and further relief as the Court deems appropriate. A proposed order is attached hereto as Exhibit "A."

Respectfully submitted,

**THE LAW OFFICE OF MICHAEL ALAN SIDDONS, ESQUIRE**

*By:  /s/ Michael A. Siddons*
MICHAEL ALAN SIDDONS, ESQUIRE
230 N. Monroe Street-P.O. Box 403
Media, PA 19063
610-255-7500-Office
610-514-5904-Facsimile
msiddons@siddonslaw.com
*Counsel to Percy Samuel Pride*

Dated: March 16, 2021